YOUNG CONAWAY STARGATT & TAYLOR, LLP
Attorneys at Law

**Monté T. Squire**
P 302.571.6630
F 302.576.3313
msquire@ycst.com

**BY E-FILING AND HAND DELIVERY**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26 - Room 6124
Wilmington, DE 19801-35555

July 24, 2014

Re: *Parallel Networks, LLC* Related Actions, C.A. Nos. 13-1412-LPS, 13-1413-LPS, 13-1414-LPS, 13-1476-LPS, 13-1477-LPS, 13-1481-LPS, 13-1943-LPS, 13-2001-LPS, 13-2051-LPS, 13-2085-LPS

Dear Judge Stark:

Pursuant to your Oral Order dated July 21, 2014, Plaintiff Parallel Networks, LLC hereby submits this letter brief setting forth Parallel's positions regarding the three disputed protective order issues set forth below. *See* Ex. A, Proposed Protective Order, at ¶¶ 14(d)(iii), 18, 27.

**ISSUE 1: Content of source code log (¶ 14(d)(iii))**

The parties agree that "The Receiving Party shall maintain a log of all copies of the source code that are provided by the Receiving Party to any qualified Party," and that such log shall include (1) the number of copies made, (2) the number of pages copied, (3) the Bates No. range of the material being copied, and (4) the date and time when the copying occurred.

Parallel proposes that, in addition to the four items listed above, the log should include (5) the identity of any individual(s) who obtain copies of such material (*other than outside counsel and its employees as defined in Paragraphs 12(a) and 12(b) above*), and (6) the date any copies were provided to such individuals. Defendants, on the other hand, propose that the log should also contain (5) the identity of individual(s) accessing such material, and (6) the date, *time, and duration of each such access*. The italicized portions indicate the source of the dispute.

Defendants seek a log that documents the time, date, and duration when each person having access touches the protected source code documents, regardless of whether those persons are outside counsel themselves, or employees of outside counsel. Requiring attorneys, who will be bound by the protective order, are subject to the discipline of this Court, and are also subject to the ethical rules of their respective State bar, to also log the date, time and duration of their access every time they touch the printed copies of the source code, however, is simply going too far. Defendants have not articulated any particular and supportable possibility of harm, and mere fear is not enough. *See, e.g. Nat'l Hand Tool Corp.*, 1990 Ct. Intl. Trade LEXIS 722, *7 (Crt. Int'l Trade 1990). Keeping such a log of each and every access to the copied source code materials, including the date, time, and duration of every such access, would place an unnecessary burden on busy counsel, to say the least. Worse, it would be an intrusion into attorney work product—that is, the mental processes of trial counsel. Parallel's interest in having its trial counsel and staff have unrestricted access to copies of the source code made pursuant to the protective order far outweighs whatever slight possibility of harm Defendants imagine. Outside counsel should not be required to log their access to the copied source code materials, and no "time, date, and duration" log should be required.

Similarly, a Receiving Party requires the assistance of the firm's staff in order to prepare this case. Counsel (who, as discussed above, are bound by this Court's protective order, are subject to the discipline of this Court, and are also subject to the ethical rules of their respective bar) will be responsible for supervising their staff's access to any materials designated under the protective order, including materials designated as "CONFIDENTIAL—OUTSIDE COUNSEL ONLY—SOURCE CODE." The requirement Defendants seek, that every access to the materials by employees of outside counsel be logged, will add unnecessary difficulty and expense to the preparation of this case. There is no particular risk of harm that Defendants can point to, and depriving trial counsel of staff support in the handling and evaluation of source code is onerous and unnecessary.

**ISSUE 2: The propriety of Defendants' proposed "Export Control Requirements" (¶ 18)**

Defendants propose to include export control requirements in the protective order that would require a Receiving Party to store copies of source code material in a manner compliant with U.S. Export Administration Regulations (EAR). Defendants also seek to require a Receiving Party to notify the Producing Party prior to granting foreign nationals access to the Standalone Computer, access to hard copies of Confidential Materials, or placement of a foreign national on a project requiring receipt or review of the Producing Party's Confidential Materials.

Plaintiff objects to the inclusion of such Export Control Requirements in the protective order because such requirements are unnecessary and unduly burdensome. As an initial matter, requiring that a Receiving Party store Confidential Materials in a manner that complies with U.S. Export Administration Regulations would place a burden on the Receiving Party to invest a non-trivial amount of time to become well versed in unfamiliar Federal regulations before such Receiving Party could even attempt to determine whether or not they are in compliance with such regulations.

Any concern that Defendants might have regarding access to Confidential Materials by consultants or experts located outside the United States that are retained by a Receiving Party can be adequately addressed by a provision requiring such consultants or experts to execute an undertaking to comply with the protective order. *See, e.g.* Ex. B, *Intellectual Ventures I LLC, et al. v. AT&T Mobility LLC, et al.*, C.A. No. 12-193-LPS, Oral Order (D. Del. Dec. 16, 2013) (granting plaintiff's request "to share confidential information with experts and consultants located outside the United States… provided it is for the purpose of assisting in the litigation of this action and provided such experts/consultants execute the necessary undertakings to comply with the protective order."). The protective order should not include a requirement that a Receiving Party must store Confidential Materials in a manner compliant with U.S. Export Administration Regulations.

**ISSUE 3: The scope of the prosecution bar (¶ 27)**

The parties agree that the protective order should contain a prosecution bar, and that such bar should be in place for a period of two years from disclosure of the technical information, or one year after conclusion of the instant actions (including any appeals). The parties disagree, however, as to which activities should fall within the scope of the prosecution bar.

Plaintiff proposes that the covered Prosecution Activity should be defined as "drafting or amending of claims for any patent application or reissue application," but that the prosecution bar should not "prevent any attorney from sending non-confidential prior art to any attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and

Trademark Office… to assist a patent applicant in complying with its duty of candor." Additionally, Plaintiff proposes that the prosecution bar should not "prohibit any attorney of record in this litigation from discussing with his/her client any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaims," and should not "prohibit any attorney of record… from consulting with separate patent prosecution counsel and assisting its client in reexamination proceedings or post grant reviews including, for example, for the purpose of distinguishing prior art to ensure consistent positions in the litigation and [P.T.A.B.] proceedings."

Defendants propose a much more restrictive prosecution bar that would prohibit counsel from participating in, preparing, supervising, or assisting in the prosecution of any patent application, reexamination, reissue, or proceeding before the P.T.A.B. pertaining to the subject matter of the patents-in-suit. Defendants seek to define "prosecution" broadly to cover "all forms of practice and proceedings at the United States Patent and Trademark Office, including, for example, both examination proceedings before examination units and review proceedings before the Patent Trial and Appeal Board." Defendants further seek to require Plaintiff to "create an ethical wall between those persons who have accessed technical information relating to the design or functionality of any product or service, or any proposed product or service, of an opposing party" and individuals who prepare, prosecute, supervise, or assist in the prosecution or practice of any patent application or proceeding before the P.T.A.B. involving any patent "pertaining to the same or substantially the same subject matter of the patent(s)-in-suit."

Defendants' proposed prosecution bar is far too restrictive. Courts in this District have recognized that the "purpose of a prosecution bar is to preclude the counsel from using confidential information that is learned in the litigation in ***crafting new claims***." Ex. C, *IPLearn LLC v. Beeline Acquisition Corp.*, *et al.*, C.A. No. 11-825-RGA, Tr. at 7 (D. Del. Oct. 23, 2012) (emphasis added). Defendants further seek to limit the activities of trial counsel, however, in a manner that goes far beyond simply ensuring that confidential information learned in this litigation is not used to draft new claims. Under Defendants' proposal, not only would trial counsel be barred from even discussing the prior art with separate counsel participating in proceedings before the P.T.A.B., trial counsel would also be obligated to erect and keep in place an unduly burdensome "ethical wall" for the duration of the prosecution bar. Such an "ethical wall" would needlessly restrict trial counsel's ability to perform work that has nothing to do with "crafting new claims."

Courts in this District have recognized the need for trial counsel to discuss prior art with separate counsel. *See* Ex. D, *British Telecomms. PLC v. Google Inc.*, C.A. No. 11-1249-LPS, Tr. at 4-5, 21 (D. Del. Aug. 31, 2012) (adopting prosecution bar that allowed plaintiff's trial counsel "to discuss with separate counsel any of the prior art raised during the reexam," explaining that "pursuing amendments and devising what those amendments would be" is what implicates competitive decisionmaking). Defendants seek an unbalanced prosecution bar wherein the burdens imposed are far more restrictive and onerous than what is required to protect confidential technical information from being used to draft new claims. Plaintiff's proposed language for the prosecution bar strikes the appropriate balance between ensuring that confidential technical information learned in the course of this litigation is not used in crafting new claims, and ensuring that restrictions on the actions of counsel who learn such information are kept to the minimum necessary to accomplish that purpose.

For the reasons stated above, Plaintiff Parallel Networks, LLC respectfully requests that this Court adopt Plaintiff's proposed language for the protective order.

Respectfully submitted,

*/s/ Monté T. Squire*

Monté T. Squire (No. 4764)

Attachments

cc: All Counsel of Record – by email